IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01535-BNB

CHARLES FRANKLIN JONES, JR.,

    Plaintiff,

v.

REGIONAL TRANSPOTATION [sic] DISTRICT,
BILL RITTER,
JOHN W. HICKENLOOPER,
CHRISTOPHER MARTINEZ,
PHILLIP A. WASHINGTON,
ROBERT L. MEDINA,
OSMONDES HAINESWORTH, and
JOHN DOE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 3 2010

GREGORY C. LANGHAM
                CLERK

## ORDER TO FILE AMENDED COMPLAINT

Plaintiff, Charles Franklin Jones, Jr., has filed *pro se* a Complaint asserting that the Defendants discriminated against him on the basis of his race and disability in adjusting a claim of injury he filed with Defendant Regional Transportation District ("RTD") after he injured his hand while exiting an RTD bus. Mr. Jones has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court will construe the Complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

The Complaint purports to assert the following federal claims for relief against the Defendants: (1) conspiracy to deprive Mr. Jones of his civil rights, in violation of 18 U.S.C. § 241; (2) race discrimination, in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, and in violation of 42 U.S.C. § 1981; and, (3) disability discrimination, in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12182. Mr. Jones seeks monetary and injunctive relief against the Defendants. The Court has reviewed the Complaint and finds it to be deficient for the reasons outlined below.

Mr. Jones relies on 18 U.S.C. § 241 as a jurisdictional basis for his Complaint and asserts that Defendants violated the statute by conspiring to deprive him of his civil rights. However, 18 U.S.C. § 241 does not provide him with a private cause of action and § 1983 does not allow him to pursue a violation of federal criminal law. *See Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir.1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action); *see also Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Accordingly, Mr. Jones cannot maintain a claim for relief under 18 U.S.C. § 241.

Mr. Jones next claims that the Defendants violated 42 U.S.C. § 2000a, which prohibits racial discrimination by places of public accommodation. Mr. Jones is advised that before filing suit under 42 U.S.C. § 2000a, a plaintiff must give written notice of the alleged act of discrimination to the appropriate state or local agency. *See* 42 U.S.C. § 2000a-3(c) (requiring thirty days notice to appropriate agency when state law prohibits

discriminatory practices in places of public accommodation); *see also White v. Denny's Inc.*, 918 F. Supp. 1418, 1423 (D. Colo. 1996). Colorado prohibits discrimination in places of public accommodation. See COLO. REV. STAT. ("C.R.S.") §§ 24-34-601 to 24-34-602 (2008). A notice of discrimination must be filed with the Colorado Civil Rights Commission. See C.R.S. §§ 24-34-301 to 24-34-307 (2008). Mr. Jones does not allege or provide documentation to show that he filed a notice with the Colorado Civil Rights Commission before instituting this action.

Mr. Jones is further advised that the notice provisions applicable to his Title II Civil Rights Act claim apply as well to his claim that Defendants violated Title III of the ADA. See 42 U.S.C. § 12188(a)(1) (incorporating remedies and procedures set forth in 42 U.S.C. § 2000a-3(a), which in turn is limited by the notification requirement of § 2000a-3(c)); *see also Howard v. Cherry Hills Cutters, Inc.*, 979 F. Supp. 1307, 1309 (D. Colo. 1997).

Mr. Jones' statutory claims against Colorado Governor Bill Ritter, Denver Mayor John Hickenlooper, and RTD Board First-Vice Chair Martinez appear to be based on allegations that those Defendants were notified about the alleged discrimination after it occurred but failed to take any remedial action. However, an individual cannot be held liable for a violation of the federal statutes unless he was directly involved in the alleged discriminatory acts. *See Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir. 1991) (recognizing that an individual can be held liable under § 1981 for his personal involvement in the discriminatory conduct), *overruled on other grounds by Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1228 (10th Cir. 2000); 42 U.S.C. §

2000a-2 (imposing liability on individual who denies or attempts to deny a privilege secured by § 2000a); *Howard*, 979 F. Supp. at 1309 (individual is liable under Title III of ADA if he "owns, leases (or leases to), or operates a place of public accommodation"). Therefore, a higher level official's failure to act on a complaint of discriminatory conduct, without more, is generally insufficient to impose individual liability. *See, e.g., Volk v. Coler*, 845 F.2d 1422, 1432 (7th Cir.1988) (holding that director of state agency did not personally participate in constitutional violation merely because he was aware of grievance, and, therefore, was not liable under 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3)); *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1291 (D. Colo. 2009) (prisoner failed to state a claim against warden under § 1983 for alleged deprivation of constitutional rights based on allegations that plaintiff-prisoner sent warden a letter notifying him that inmates had threatened to harm plaintiff); *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) (allegation that defendant ignored a prisoner's letter of protest and request for investigation is insufficient to hold that official liable for alleged underlying violation);

Finally, Mr. Jones has named one John Doe Defendant in the caption of the Complaint. John Doe is identified in the body of the Complaint as the RTD bus driver who was driving the bus at the time Mr. Jones was injured. Mr. Jones may use a fictitious name, such as John Doe, if he does not know the real name of the individual who allegedly violated his rights. However, if Mr. Jones uses a fictitious name he must provide sufficient information about the Defendant so that the Defendant can be identified for purposes of service. Accordingly, it is

4

ORDERED that Plaintiff, Charles Franklin Jones, Jr., file **within thirty (30) days from the date of this order**, an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that, if Mr. Jones fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss certain claims and/or certain Defendants from this action for the reasons discussed in this order.

DATED August 20, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01535-BNB

Charles Franklin Jones, Jr.
2740 High Street
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   6/23/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk